IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

DEBBIE J. BLANTON,

                Plaintiff,

v.                                    CIVIL ACTION NO. 3:15-10113

THE CAFARO COMPANY and
WARNER MANAGEMENT CO., LTD.,

               Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants The Cafaro Company and Warner Management Co., Ltd.'s (collectively "Defendants") Motion to Dismiss Complaint. ECF No. 23. For the reasons set forth below, Defendants' Motion is **DENIED**.

### I.      Background

Plaintiff Debbie Blanton alleges in the Complaint that on or about September 9, 2013, she slipped and fell on a clear foreign substance while walking down a concourse at the Huntington Mall. *Compl.* ¶¶ 8–13, ECF No. 1. As a result of the fall, Plaintiff fractured her left foot, injured her right knee, and suffered other injuries. *Id.* Specifically, Plaintiff claims:

> As a direct and proximate result of the above mentioned actions and omissions, constituting negligence, gross negligence, and recklessness . . . plaintiff suffered injuries, including a fractured left foot, and was otherwise injured as described above, which has resulted in great pain and suffering to mind and body. Plaintiff has endured medical procedures, medications and other medical expenses, as well as loss of enjoyment of life and will continue to suffer these damages into the future.

*Id.* at ¶ 19. Plaintiff filed suit in this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Id.* at ¶ 6.

On August 11, 2015, Defendants filed an Answer to Plaintiff's Complaint denying that jurisdiction was proper because, according to them, the amount in controversy does not exceed $75,000. *Answer* ¶ 6, ECF No. 8. Discovery commenced shortly thereafter. Defendants filed this instant motion claiming that based upon the medical bills and records provided in Plaintiff's response to Defendants' First Set of Interrogatories and Requests for Production of Documents, Plaintiff's action will not exceed the amount in controversy requirement. Therefore, Defendants claim they are entitled to a dismissal based on lack of subject matter jurisdiction.

## II.    Discussion

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000. . . ." 28 U.S.C. § 1332(a). In the instant motion, Defendants argue that the allegations in Plaintiff's Complaint are insufficient to support the amount in controversy requirement. The Court disagrees.

Defendants' unsubstantiated assertions are based on the brief discovery produced so far by Plaintiff. However, "[t]he amount in controversy is not what the plaintiff, his lawyer or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D.W. Va. 2011). Judge Goodwin further stated, "I keep firmly in my mind that the plaintiff is the master of his complaint and therefore the amount in controversy is the amount the plaintiff claims to be entitled to unless the amount is legally impossible." *Id.* at 968. Here, the amount Plaintiff claims to be entitled to is not legally impossible; rather, Plaintiff's Complaint sufficiently pleads allegations to support an amount in controversy over $75,000. Specifically, Plaintiff alleges in her Complaint that she is entitled to damages that exceed the jurisdictional minimum required for this Court because of various personal injuries she suffered, including a fractured foot and injured knee,

as a result of Defendants' alleged negligence and recklessness. As such, the Court finds that Plaintiff has sufficiently established the amount in controversy requirement. Therefore, the Court has subject matter jurisdiction over this matter.

### III.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Complaint, ECF No. 23, is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.


ENTER:        August 4, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE