# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

DEBBIE J. BLANTON,

        Plaintiff,

v.                        CIVIL ACTION NO. 3:15-10113

HUNTINGTON MALL COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 54). As set forth below, the Court finds that summary judgment is appropriate with regard to the claim for punitive damages, but summary judgment is not appropriate with regard to Plaintiff's claim for negligence based upon a theory of premises liability. Accordingly, the Court **GRANTS, IN PART**, Defendant's motion.

### I.    Background

Plaintiff, Debbie J. Blanton, on an afternoon trip to the Huntington Mall ("Mall"), slipped and fell on a small pool of water. *Def.'s Mem. of Law in Support of its Mot. for Summ. J.*, ECF No. 55, at 1-2; *Pl.'s Resp.*, ECF No. 56, at 1; *Compl.*, ECF No. 1, at ¶ 9-11. As a result of the fall, Plaintiff suffered a fractured foot and an injured knee, among other injuries. *Compl.* at ¶ 13. Plaintiff filed a complaint based upon these facts, claiming that Defendant breached a duty of care it owed to her, which was the direct and proximate cause of her injuries. *Id.* at ¶ 14-19.

After the parties conducted discovery, Defendant filed a Motion for Summary Judgment (ECF No. 54) and an accompanying Memorandum in Support of the Motion (ECF No. 55) on August 21, 2017. The Plaintiff responded on September 5, 2017; and Defendant filed no reply.

Defendant claims that summary judgment is appropriate with regard to both Plaintiff's negligence claim and Plaintiff's claim for punitive damages. Concerning the negligence claim, Defendant contends that it did not have actual or constructive knowledge of the hazardous, clear pool of water. Further, Defendant claims that there is no dispute about that material fact. To support this contention, Defendant cites to the hearsay statement of an unidentified maintenance worker who spoke with Plaintiff after she fell. *Def.'s Mem. of Law in Support of its Mot. for Summ. J.*, at 5-6. Plaintiff, during her deposition, claimed that after she had fallen and while she was still on the ground, a maintenance worker approached her saying that she "was just [at the site of the fall] a few minutes ago and [there was not anything there]." *Ex A.*, *Def.'s Mot. for Summ. J.*, ECF No. 54-1, at 5. Defendant claims that this statement establishes the lack of its actual or constructive knowledge, and that Plaintiff has not produced evidence to show otherwise. *Def.'s Mem. of Law in Support of its Mot. for Summ. J.*, at 2-3. Further, Defendant argues that where it lacked knowledge of any type, summary judgment is appropriate in its favor as a matter of law.

Plaintiff disputes Defendant's assertions, and argues that evidence exists that demonstrates that Defendant had, at minimum, constructive knowledge. *Pl.'s Resp.*, 8-9. In support of her argument, Plaintiff cites to both the depositions of two of Defendant's employees and Defendant's answers to interrogatories. Plaintiff claims that based upon the factual information contained within those documents, there is a factual dispute as to how long the water hazard existed and "whether Defendant employed proper procedures to identify and correct the hazard." *Id.* at 8. From these facts, she argues that a jury could determine that Defendant breached a duty of care that it

owed to Plaintiff. *Id.* at 8-9. As such, she contends the motion for summary judgment on that claim should be denied. *Id.*

Defendant also argues that summary judgment in its favor is appropriate regarding Plaintiff's punitive damages claim. Defendant submits that no facts exists that would allow for the finding necessary for the assessment of punitive damages. *Def.'s Mem. of Law in Support of its Mot. for Summ. J.*, at 10-11. In response to this argument, Plaintiff contends that it is premature to foreclose the availability of punitive damages. Plaintiff relies upon an answer given by Defendant's 30(b)(6) representative during his deposition, in response to a hypothetical question. *Pl.'s Resp.*, at 9-10.

Based upon the parties' submissions, it is clear to the Court that disputed material facts remain regarding the negligence claim but not regarding the punitive damages claim.

**II.     Legal Standard**

To obtain summary judgment, the moving party must show that no genuine issue as to any material fact remains and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Any inference, however, "must fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001) (citation omitted).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence

from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. "Mere speculation by the non-movant cannot create a genuine issue of material fact" to avoid summary judgment. *JKC Holding*, 264 F.3d at 465.

### III. Discussion

Beginning with the first claim on which Defendant requests summary judgment, the Court does not believe that Plaintiff's negligence claim fails as a matter of law. In order to establish a *prima facie* negligence claim under West Virginia law,[1] a "plaintiff must prove by a preponderance of the evidence that [(1)] the defendant owed a legal duty to the plaintiff and [(2)] that by breaching that duty [(3)] the defendant proximately [(4) and actually] caused the injuries to the plaintiff." *Neely v. Belk Inc.*, 668 S.E.2d 189, 197 (W. Va. 2008) (quoting *Strahin v. Cleavenger*, 603 S.E.2d 197, 205 (W. Va. 2004) (internal citations omitted)). The Supreme Court of Appeals of West Virginia has provided that when a negligence claim proceeds upon a premises liability theory of recovery, "the owner [of the premises] cannot be held as the insurer of the safety of an invited person." *Id.* at 198-99 (citing Syl. pt. 3, *Puffer v. The Hub Cigar Store, Inc.*, 84 S.E.2d 145 (W. Va. 1954)).

---

[1] Siting in diversity, this Court must apply state substantive law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

Instead, in determining whether a premises liability defendant has breached its duty of reasonable care under the circumstances,[2] the trier of fact must consider five factors. *See* syl. pt. 6, *Mallet v. Pickens*, 522 S.E.2d 436, 437 (W. Va. 1999) (holding that the trier of fact must consider the factors). These factors include the following:

> (1) [T]he foreseeability that an injury might occur;
> (2) [T]he severity of injury;
> (3) [T]he time, manner and circumstances under which the injured party entered the premises;
> (4) [T]he normal or expected use made of the premises; and
> (5) [T]he magnitude of the burden placed upon the defendant to guard against injury.

*Id.* Of these factors, "foreseeability is particularly crucial in premise liability cases." *Neely*, 668 S.E.2d at 570. The importance of the foreseeability in this analysis reflects the ongoing tensions between the policy considerations of allowing for a remedy for injury and of extending limitless tort liability to property owners. *See Mallet*, 668 S.E.2d at 447 n.15 (describing the policy considerations and providing that foreseeability is an important consideration). Therefore, "before the owner of premises may be held liable for negligence, 'he [or she] must have had actual or constructive knowledge of the defective condition which caused the injury.'" *Neely*, 668 S.E.2d at 570 (quoting *Hawkins v. United States Sports Assoc. Inc.*, 633 S.E.2d 31, 35 (W. Va. 2006) (*per curiam*)).

While actual knowledge exists where a party has "direct and clear knowledge" of a fact, constructive knowledge is an operation of law. *See Mace v. Ford Motor Co.*, 653 S.E.2d 660, 666 (W. Va. 2007). To have constructive knowledge of a fact, a party need not actually be aware of

---

[2] In *Mallet v. Pickens*, 522 S.E.2d 436 (W. Va. 1999), the Supreme Court of Appeals of West Virginia did away with the traditional common law classifications of property entrants in premises liability cases. Syl. pt. 4, *Mallet*, 522 S.E.2d at 437. The generic duty owed by a landowner or possessor to a non-trespassing entrant is to act with "reasonable care under the circumstances." *Id.*

the fact. *See id.* (discussing the difference between actual and constructive knowledge). Instead, if the party "should have learned" or "reasonably should [have] know[n]" a fact, than the Court will attribute knowledge of that fact to the party. *Hawkins v. United States Sports Ass'n, Inc.*, 663 S.E.2d 31, 35 & n.3 (W. Va. 2006) (*per curiam*) (noting that actual and constructive knowledge are different and providing the alternative phrasing for the same standard of imputed knowledge).

Defendant focuses upon the first element of foreseeability.[3] Defendant contends that the injury was not foreseeable because Defendant did not have any type of knowledge. As with the Plaintiff's response, the Court's analysis will center upon only the foreseeability factor. *See Hawkins*, 663 S.E.2d at 35 (explaining that the West Virginia Supreme Court has made clear that an investigation of all five *Mallet* factors "is not necessary at the summary judgment stage").

Plaintiff has produced sufficient evidence to demonstrate a disputed issue of material fact regarding Defendant's constructive knowledge, thus rebutting Defendant's motion on the negligence claim. In support of her argument, Plaintiff first cites to Defendant's own interrogatory answers. *Pl.'s Resp.*, at 4-5. Plaintiff had requested that Defendant provide information regarding any employee who inspected or maintained "the area where the incident occurred within a 24-hour period prior to the incident." *Exs.*, *Pl.'s Reps.*, ECF No. 56-1, at 8-9. In answering the interrogatory, Defendant asserted that it was "unable to say with particularity when the area where the Plaintiff allegedly fell was last inspected." *Id.* Plaintiff contends that the inability of Defendant to know who is inspecting areas of the mall, which it is has a duty to maintain, establishes a question of fact regarding whether Defendant employed sufficient procedures to provide for the discovery and

---

[3] Defendant appears to make an argument about the fifth factor as well. But, Defendant's argument regarding the fifth factor is merely a restatement of its contention that the injury was not foreseeable because Defendant had no actual or constructive knowledge. *See Def.'s Mem. of Law in Support of its Mot. for Summ. J.*, at 6. Defendant does not take issue with factors 2, 3, or 4. *Id.*

clean-up of hazards like clear-liquid spills. From this, Plaintiff argues, a jury could find that Defendant breached a duty it owed to Plaintiff. *Id.*

Plaintiff continues upon this line of discussion, providing factual support for its contentions. Citing to both Defendant's answers to interrogatories and the deposition of Jerry Scragg, Defendant's assistant security supervisor, Plaintiff points out that no one individual held ultimate responsibility for ensuring spills were identified and cleaned. *Pl.'s Resp.*, at 4-6. Nor does the maintenance staff have a set path or area of responsibility. *Id.* Instead, the maintenance and housekeeping employees traverse the Mall on their way to fulfill their other, various responsibilities. *Id.* Defendant's procedures to find and correct spills appear to provide only that employees are to look for spills while in route to other jobs. Plaintiff contends this factual basis provides a question regarding the sufficiency of Defendant's procedures for protecting customers from hazardous liquids.

Based upon Plaintiff's factual showing, the Court finds that there exists a sufficient dispute of material fact to deny summary judgment on the negligence claim. Defendant's citation to the hearsay statement of the unidentified maintenance worker does not establish that Defendant lacked constructive knowledge. In addition to Defendant's likely inability to have this hearsay statement admitted during a trial, Plaintiff has demonstrated a sufficient factual basis on which a reasonable jury could find that Defendant had inadequate procedures for discovering spills. Thus, a reasonable jury could find that Defendant should have known about this spill. In other words, Plaintiff showed that the parties dispute whether Defendant had constructive knowledge. By producing concrete evidence that raises a dispute as to Defendant's constructive knowledge, Plaintiff has offered more than a mere "scintilla of evidence" to support her claim. As such, summary judgment is inappropriate regarding the negligence claim. *See Anderson*, 477 U.S. at 256.

However, Plaintiff failed to produce the same evidentiary support with regard to the claim for punitive damages. When reviewing the appropriateness of a punitive damages claim under West Virginia law, a court must first make "a determination of whether the conduct of an actor toward another person entitles that person to a punitive damage award." Syl. pt. 11, *Cmty. Antenna Serv. V. Charter Commc'ns VI, LLC*, 712 S.E.2d 504, 509 (W. Va. 2011) (citing *Mayer v. Frobe*, 22 S.E. 58 (W. Va. 1895)). Punitive damages may be assessed where a tortfeasor acts with "malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear." Syl. pt. 4, *Mayer v. Frobe*, 22 S.E. 58, (W. Va. 1895); *see also GMAC v. D.C. Wrecker Serv.*, 647 S.E.2d 861, 867 (W. Va. 2007).

Plaintiff in her complaint claimed that Defendant acted recklessly. *Compl.* at ¶ 19. In her response to Defendant's summary judgment motion on this point, Plaintiff cites to the deposition of Defendant's 30(b)(6) representative. During the deposition, Plaintiff's counsel asked the representative, who is also an employee of Defendant, whether it would be reckless if "Huntington Mall employees didn't follow the training that they are given regarding fall prevention [and] spill cleanup. . . ." *Pl.'s Resp.*, at 9-10. In response to this question, the representative agreed that if employees "intentionally did not follow their instructions" or "were aware of [a reckless situation] and saw it and bypassed it," then they would have been reckless. *Id.* Based upon this testimony, Plaintiff claims a reasonable jury could find that Defendant was reckless and award punitive damages.

The Court does not find Plaintiff's argument persuasive. Setting aside the objection to the Plaintiff's hypothetical deposition question due to asking a lay witness for a legal conclusion, this testimony does not demonstrate a sufficient factual basis for a reasonable jury to assess punitive damages. Plaintiff has failed to produce any evidence that Defendant or its employees were

reckless, let alone malicious. Even assuming that the representative's answer is true, the Plaintiff would have to demonstrates that Defendant's employees purposefully or intentionally ignored procedures or training in this case. However, beyond posing the hypothetic question to Defendant's representative, Plaintiff has not referenced or produced any concrete evidence on which a reasonable jury could assess punitive damages. Plaintiff merely offers speculation to support her argument. On this, Plaintiff's punitive damages claim cannot survive summary judgment. *See JKC Holding Co.*, 264 F.3d at 465 (providing that during the summary judgment stage inferences cannot amount to speculation and that mere speculation "cannot create a genuine issue of material fact).

Accordingly, the Court finds summary judgment in Defendant's favor is appropriate on Plaintiff's punitive damages claim.

## IV. Conclusion

Based upon the forgoing, the Court **GRANTS** Defendant's motion for summary judgment on punitive damages and **DENIES** Defendant's motion for summary judgment on the negligence claim.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 13, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE