# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

DEBBIE J. BLANTON,

        Plaintiff,

v.                               CIVIL ACTION NO. 3:15-10113

HUNTINGTON MALL COMPANY,

        Defendant.

## ORDER

Pending before the Court is Defendant's Motion to Strike Portions of Video-Taped Trial Deposition of Richard T. Hughes, P.E. (ECF No. 83). In addition to the briefing filed regarding this motion, the parties also made additional arguments at the final settlement conference held before the Court earlier today. Defendant requested that two different sections of testimony be struck. After reading the pleadings and attached exhibits, and hearing argument, the Court does not find support for the motion. Accordingly, for the reasons stated below, the Court **DENIES** Defendant's pending motion.

First, Defendant moves to strike a portion of Mr. Hughes's testimony in which he suggested carpet would have been a safer flooring material. Defendant claims that this was outside the bounds of Mr. Hughes's expert report. However, Mr. Hughes report clearly states that carpet would have been more slip-resistant. Indeed, at the hearing, Defendant noted as much and moved to withdraw that portion of the motion to strike.

Second, Defendant moves to strike a different portion of Mr. Hughes's testimony because Defendant claims that Mr. Hughes was providing "legal conclusions regarding the Plaintiff's duty

to keep a lookout." *Def.'s Mot. to Strike*, ECF No. 83, at 2. The Court disagrees with this interpretation of Mr. Hughes's testimony. Mr. Hughes stated, consistent with his apparent experience and study in his given field, that people generally act in certain ways and that public places should be designed with that general behavior in mind, in order to mitigate potential hazards. The Court finds that Mr. Hughes properly testified within the bounds of his expertise and did not provide mere legal conclusions. Additionally, later in the deposition, after Defendant had lodged its objection for stating a legal conclusion, Defendant asked Mr. Hughes to state his understanding of the law on a slightly different matter. *Ex. to Def.'s Mot. to Strike*, ECF No. 83-3, at 56. Even if Mr. Hughes had stated the law before, Defendant cannot lodge an objection to the statement of law where it does not like the answer, but elicit a statement of law where it may benefit Defendant.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unpresented parties.

ENTER: October 30, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE